In the Matter of the ESTATE of Charles BONACKER, Deceased.

Louise KURKA, Plaintiff-Appellant,

v.

Howard KREIENHEDER and Carl Bonacker, Co-executors of the Estate of Charles Bonacker, Deceased, Defendants-Respondents.

No. 36683.

Missouri Court of Appeals, St. Louis District, Division Two.

Jan. 27, 1976.

LeRoy Crouther, Jr., Thad F. Niemira, St. Louis, for plaintiff-appellant.

Louis Jerry Weber, Thurman, Nixon, Smith, Howard, Weber & Bowles, Hillsboro, for defendants-respondents.

STEWART, Judge.

This action was originally commenced as a claim against the Estate of Charles Bonacker by Louise Kurka. By stipulation the matter was transferred to the circuit court and tried as a discovery of assets proceeding pursuant to section 473.340, RSMo Supp. 1973. The cause was submitted to the court upon a "Stipulation of Facts and Issues". The asset in question is a checking account titled "Charles Bonacker or Louise Kurka." The trial court held that the bank account was the property of Charles Bonacker and that a joint tenancy had not been created, and entered judgment in favor of defendants, executors of the estate of Charles Bonacker.

The account was opened on May 14, 1969, by decedent in his name alone with his money. On February 9, 1971, Charles Bonacker, acting alone, changed the title of the account to "Charles Bonacker or Louise Kurka." Signature cards for the joint account were never signed. All subsequent deposits were made by decedent with his money. All withdrawals were made by him. Decedent had possession of the deposit booklet and all unused checks at the time of his death.

The parties, by stipulation, have framed the one issue which was determined by the trial court and which is now to be determined by this court. The issue is, "Whether claimant is entitled to the proceeds of the checking account solely by reason of the account being titled 'Charles Bonacker or Louise Kurka' on the master file card in the bank's records."

By reason of *In re Estate of LaGarce*, 487 S.W.2d 493 (Mo. banc 1972) our review is further narrowed to a determination of whether the title of the account, "Charles Bonacker or Louise Kurka" brings it within the purview of § 362.470, RSMo. 1969. If the statute is complied with in this case the survivor will become the owner of the account. *In re Estate of LaGarce, supra*, at page 501.

The material portion of § 362.470, the governing statute, reads as follows:

"When a deposit is made by any person in the name of the depositor and any one or more other persons, whether minor or adult, and in form to be paid to any one or more of them, or the survivor or survivors of them, the deposit thereupon and any additions thereto made by any of these persons, upon the making thereof, shall become the property of these persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to any of them, or to the survivor or survivors of them; . . ."

This question was specifically ruled against plaintiff's contention in *Ison v. Ison*, 410 S.W.2d 65 (Mo.1967) where it was said at page 70:

"The deposit in this case was made by Clarence, and it was in the names of 'Clarence Ison or Orville M. Ison.' This deposit was not in form 'to be paid to either, or the survivor of them,' and therefore did not comply with Section 362.470, . . ."

An account in the name of one person or another without more does not bring the account within the purview of § 362.470 and calls for the result reached in *Ison v. Ison, supra*.

The judgment is affirmed.

CLEMENS, P. J., and KELLY, J., concur.