**FORT ZUMWALT SCHOOL DISTRICT, et al., Plaintiff-Appellant,**

v.

**Earle C. RECKLEIN, et al., Defendant-Respondent.**

No. 48922.

Missouri Court of Appeals, Eastern District, Division Two.

April 1, 1986.

Dempster K. Holland, St. Louis, for plaintiff-appellant.

Elizabeth Walker Swann, Wentzville, for defendant-respondent.

STEPHAN, Chief Judge.

Plaintiff-appellant Fort Zumwalt School District sued defendants Earle and Charlet Recklein, owners of the Fresh Look Painting Company, for breach of two painting contracts, and American Druggist Insurance Company for breach of its performance bond. The Reckleins counterclaimed on the ground that appellant had wrongfully prevented them from completing their contracts, and requested as damages $1,178 on one contract which called for painting of a high school cafeteria and $10,-206 on the other contract which called for painting an elementary school which was under construction. The jury found against Fort Zumwalt on both contracts, in favor of the Reckleins on their counterclaim, and in favor of American Druggist on appellant's claim. The trial court entered judgment on the jury's verdict of $728.00 on the cafeteria job and $10,036 on the contract relating to the elementary school. Fort Zumwalt appeals from that portion of the judgment relating to the elementary school, claiming that the verdict and judgment are excessive. We agree and remand for a new trial on the issue of damages relating to the elementary school contract. The Reckleins' motion to strike appellant's reply brief, taken with the case, is denied.

Viewed in the light most favorable to the verdict, the evidence showed that Earle Recklein began painting the elementary school on April 15, 1981. The following day's work was halted by a morning thundershower. On April 17, the AFL–CIO Union set up a picket line protesting the fact that Recklein was not a member, and other workers left the job in deference to the picket line. When this occurred, the superintendent told Recklein to leave the jobsite; Recklein complied. On the next work day, a vice-president of the general contractor contacted Recklein by telephone and told him that he should not return to the jobsite until further notice, because of the union trouble. This latter fact was denied by the construction superintendent, but the jury obviously chose to believe Recklein that the conversation occurred. Thereafter, Recklein received a letter from the appellant school district notifying him that the contract was terminated for his failure to maintain his work schedule. The work was subsequently completed by another painting company at a substantially higher price than that called for by contract with the Reckleins, doing business as Fresh Look, and the school district sued them as well as the company which bonded them, American Druggists Insurance Company. The Reckleins counterclaimed for the full amount of the contract, $10,206.00, with the result as set out above.

■ When an owner breaches a construction contract by preventing the con-

tractor from performing the work, the measure of damages is the contract price less the amount it would have cost the contractor to perform. *Juengel Construction Company, Inc. v. Mt. Etna, Inc.*, 622 S.W.2d 510, 514 (Mo.App.1981). *See also Ark Construction Company, Inc. v. City of Florissant*, 558 S.W.2d 418, 423 (Mo. App.1977). The Reckleins in their brief admit that this is the proper measure of damages.

■ Careful examination of the entire record before us fails to reveal any evidence which would support the award of virtually the entire contract price. The only evidence offered at trial concerned the cost incurred by the Reckleins for the work completed on the 15th, 16th, and 17th of April 1981, in the amount of $383.12. Using the figures from the present case, the lost profits would be equal to the contract price of $10,206 minus the amount it would have cost the Reckleins to complete the contract. The award of close to the entire contract price assumes it would have cost the Reckleins almost nothing to complete the contract. The verdict for approximately $9,700 over the cost of the work performed is obviously out of proportion to what could logically be called lost profits, especially in light of the fact that appellant paid the Reckleins' replacement, the PaintSmiths, Inc., $14,306 in labor and overhead costs alone to finish the work Earle Recklein had started. This figure is $4,100 more than the Reckleins' entire contract price.

■ In order to recover lost profits, the claimant has the burden of proving the amount "with reasonable certainty by proof of facts from which anticipated profits can rationally be estimated." *Juengel Construction Company, Inc. v. Mt. Etna, Inc.*, 622 S.W.2d 510, 514 (Mo.App.1981). The amount of damages may not be left to speculation. *Sides Construction Co., Inc. v. Arcadia Valley R–II School District*, 565 S.W.2d 761, 768 (Mo.App.1978). If the jury considered the matter of lost profits in the present case, such consideration was obviously based wholly on speculation as no facts were presented from which the jury could have made a rational determination.

■ Appellate courts will not disturb a jury's assessment of damages "unless the amount is so grossly excessive that it shocks the conscience of the court." *Dockery v. Mannisi*, 636 S.W.2d 372, 377 (Mo. App.1982). That standard has been met here. It is obvious that the award is devoid of evidentiary support and that a new trial on the issue of damages is warranted.

■ Appellant's alternative request for remittitur is denied, as the doctrine of remittitur has been abolished in Missouri. *Firestone v. Crown Center Redevelopment Corporation*, 693 S.W.2d 99, 110 (Mo. banc 1985). We note parenthetically that even if the doctrine were still in existence, it could not rationally be applied on this record, given the dearth of evidence relating to lost profits.

Accordingly, the judgment in favor of the Reckleins on the elementary school contract is reversed and remanded for retrial on the issue of damages only. In all other respects, the judgment is affirmed.

SIMON, P.J., and SATZ, J., concur.