Harry E. GAINES, III, Personal Representative for the Estate of Harry E. Gaines, Sr., Respondent,

v.

Ruth VALLANCE, Appellant.

No. 58812.

Missouri Court of Appeals, Eastern District, Division Two.

June 18, 1991.

Sandford J. Miller, Michael P. Steeno, Clayton, for appellant.

John J. Donnelly, St. Louis, for respondent.

CRIST, Judge.

Appellant, Ruth Vallance, appeals the trial court's ruling that a checking account at Meramec Valley Bank belongs to the Estate of Harry Gaines, Sr., and not appellant. The trial court held appellant was not a joint tenant with right of survivorship in the account. We affirm.

Harry Gaines and Ruth Vallance shared a residence from September, 1987, until Harry's death on March 20, 1989. They were never legally married. On July 22, 1987, prior to their cohabitation, Ruth's name was added to one of Harry's bank accounts.

Although Ruth testified she signed a signature card, the bank was only able to produce the original signature card containing only Harry's signature. An internal memorandum generated by the bank indicated that Ruth's name was added to the account. Both Harry's and Ruth's names were printed on the faces of subsequent checks. Ruth wrote checks on the account, and these were honored by the bank. Harry contributed all the money in the account. Ruth did deposit $13,028.93, but this sum constituted the proceeds of a loan from Ruth to Harry.

On March 21, 1989, the day after Harry died, Ruth wrote a check for $29,776.42 on the account in question, and deposited it in an account belonging to her. The personal representative of Harry's estate, Harry E. Gaines, III, later filed an action seeking determination as to the ownership of the funds from the bank account and other items. The only issue on appeal is the ownership of the account.

The trial court stated there was no evidence which conclusively showed the manner in which the title to the account was held. It further found that defendant's authority to write checks on the account did not necessarily indicate the account was in the joint names of Harry and Ruth giving her a right of survivorship in the account.

Appellant's first contention on appeal is that the trial court erred in declaring the law required appellant to prove the account was specifically held as a joint tenancy with right of survivorship. Appellant objects to a number of the trial court's statements, all of them essentially similar. Appellant argues it was a misstatement of the law for the trial court to say: "The burden was on defendant to show that funds became hers upon his death by reason of her having had a right of survivorship in the account."

■ The trial court did not erroneously declare the law. Under the amended version of § 362.470.1, RSMo.1986, a would-be joint depositor has two alternatives: either (1) make the deposit payable to the depositors as joint tenants, or (2) make the account payable to one or more of the depositors or the survivor or survivors of them. *Estate of Huskey v. Monroe*, 674 S.W.2d 205, 211[7] (Mo.App.1984). If either one of these two alternatives is complied with, a statutory joint tenancy results, and a right of survivorship ensues. *See In re Estate of LaGarce*, 487 S.W.2d 493, 500–1[2–4] (Mo.banc 1972). On a careful review of the record, it is apparent that the trial court did not require appellant to show that the words "with right of survivorship" were included in the contract with the bank; in-

stead, the trial court was inquiring whether the statutory language was used, thus granting a right of survivorship.

Appellant argues that her contention that the trial court erroneously declared the law is further supported by the trial court's citation of *Matter of Estate of Bonacker*, 532 S.W.2d 898 (Mo.App.1976). *Bonacker* was handed down one year before the legislature modified the applicable statute, § 362.470.

Before § 362.470 was amended in 1977, § 362.470, as material, read as follows:

> When a deposit is made by any person in the name of the depositor and any one or more other persons, whether minor or adult, *and* in form to be paid to any one or more of them, *or* the survivor or survivors of them, the deposit thereupon . . . shall become the property of these persons as joint tenants. . . .
> (Emphasis added.)

The amended statute, present § 362.470.1 reads:

> When a deposit is made by any person in the name of the depositor and any one or more other persons, whether minor or adult, as joint tenants *or* in form to be paid to any one or more of them, *or* the survivor or survivors of them and whether or not the names are stated in the conjunctive or the disjunctive or otherwise, the deposit thereupon . . . shall become the property of these persons as joint tenants. . . . (Emphasis added.)

■ The issue in *Bonacker* was whether the title of the account, "Charles Bonacker or Louise Kurka" brought the account within the purview of § 362.470, RSMo 1969. The court held that such an account title was not sufficient to comply with the statute. Two names on the account, without more, is also not sufficient to comply with the revised statute. *See Huskey*, 674 S.W.2d at 212[9]. The trial court did not misstate the law in citing *Bonacker*. Point denied.

■ Appellant next submits the trial court erred in stating that the law places the entire burden of proof on appellant in this case. The trial court did not err. A joint tenancy may be created in an account naming two or more persons even if § 362.-470 is not complied with, but the survivor

has the burden of proof to show facts establishing that result. *Matter of Estate of Meyer*, 744 S.W.2d 844, 846[1] (Mo.App. 1988). Appellant did not present evidence which showed the statute was complied with, and therefore the burden of proof as to the parties' intent rested on her.

Appellant next submits the trial court erred in stating that the law required appellant to prove a joint tenancy by clear and convincing evidence. Appellant instead proffers the correct burden of proof as being a preponderance of the evidence. There is some authority for appellant's proposition. In 1967, the court in *Melton v. Ensley*, 421 S.W.2d 44, 52 [8–11] (Mo. App.1967, stated:

> Where the deposit is neither made within the words or purview of the joint deposit statutes nor accompanied by a joint tenancy deposit agreement, no presumption of joint tenancy with the attendant right of survivorship arises and the burden is cast upon the survivor to show *by a preponderance of the evidence* the deposit was made with the intention of creating a joint tenancy. (Emphasis added.)

■ However, the Missouri Supreme Court has since held that the burden of proof in inter vivos gift cases must be that of "clear and convincing evidence." *Matter of Estate of Passman*, 537 S.W.2d 380, 384[2] (Mo.banc 1976). The Supreme Court further stated that when the gift is not asserted until after the donor's death, it is viewed with some suspicion, and the higher burden is therefore applicable. *Id.* at 383[1]. The *Passman* court found this is not contrary to the burden of preponderance of the evidence prescribed in MAI 3.01. The Committee's Comment following MAI 3.01 states: "[t]his instruction is not to be used in those rare cases where the proof must be 'clear, cogent and convincing.'" *Id.* at 384. We therefore hold that where the deposit is not made within the purview of the joint deposit statutes nor is accompanied by a joint deposit agreement, the burden is on the survivor to show by clear and convincing evidence that the deposit was made with the intention of creating a joint tenancy. Therefore, the trial

court did not err in applying the standard of clear and convincing evidence as the burden of proof to this case. Point denied.

Appellant's final point on appeal is that the verdict is against the greater weight of the evidence. The evidence showed that the bank believed both parties' names were on the account. Both parties' names were on the checks. However, decedent contributed all the money to the account, and only his name was on the signature card. Appellant's witness testified decedent stated at a Christmas party that he was giving all his property to appellant.

Appellant did not prove a statutory joint tenancy, as discussed in Point I. While the evidence indicated that both parties' names were on the account, that is not sufficient under § 362.470, RSMo 1986. *Huskey*, 674 S.W.2d at 212 [9]. Further, the trial court is free to disbelieve a witness' testimony, even if uncontradicted. *Id.* The trial court's conclusion was reasonable, and not against the weight of the evidence.

Judgment affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.