**J. AND J. HOME BUILDERS, INC., Appellant,**

v.

**Joseph DOBAS and Susan Dobas, Respondents.**

**No. 61335.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 27, 1992.

Kevin M. Sirop, James C. Owen, Chesterfield, for appellant.

Michael T. Cady, St. Louis, for respondents.

CRIST, Judge.

J. and J. Home Builders, Inc. (Builder) sued Joseph and Susan Dobas (Customers) for breach of a construction contract. The trial court entered judgment for Builder for $71. Builder contends the trial court erred in not awarding lost profits resulting from the breach. We affirm.

The trial court did not enter findings of fact or conclusions of law. Absent such entry, "all findings of fact are presumed found in accord with the judgment and the judgment is to be upheld under any reasonable theory presented and supported by the evidence." *McKnight v. McKnight,* 638 S.W.2d 789, 790 (Mo.App.1982). The facts are as follows.

In January, 1990, Customers met with Builder to discuss the possibility of having Builder construct the shell of Customers' house. On January 7, Customers selected a plan and gave Builder a $250 deposit for blueprints to be drawn up. The actual cost of the blueprints was $321. On January 25, 1990, Builder's salesperson reviewed the blueprints with Customers, and Builder and Customers both signed a document labelled "Sales Contract." The "Sales Contract" appeared, in part, as follows:

Legal Description_____
Firm bid for labor and material for the above described real estate, as described in specification form 1A dated _____, 19___, and hereby made part of this contract.

| | |
|---|---|
| Contract price | $ 36,224 |
| Down Payment | $ 500 |
| Change Order | $ |
| Balance Due | $ 35,724 |

**General Terms**

1. [Builder's] structure as described in specifications form 1A will be delivered and installed in a quality and workman-like manner on or about the scheduled delivery date. . . .

\* \* \*

7. Customer shall provide [Builder] proof of availability and sufficiency of funds equal to the total contract price.

**Payment Terms**

| | |
|---|---|
| $ 21435 | Prior to production |
| $ 12503.75 | Upon delivery to job site |
| $ | Upon completion of basic [Builder] structure |
| $ 1785.25 | |
| $ 35724 | |

\* \* \*

Additional terms or contingencies _____
This constitutes the entire agreement between the customer and [Builder] and superceeds (sic) all previous understandings and agreements, whether written or oral.

---

Builder assisted Customers in finding financing for the project. Customers needed permanent financing before their construction loan would be approved. In April, 1990, Customers notified Builder's salesperson that their total financing had not been approved, and they instructed her not to order any materials. They also told her they were "looking at other contractors for bids."

Subsequently, Builder sent Customers a letter dated April 20, 1990. That letter stated: "We have ... ordered lumber, windows and other components relative to your home and at this point are ready to deliver as soon as your loan is open and your building site paid for." Builder's president admitted on cross-examination that he had not actually ordered any of these materials at the time the letter was written.

Customers' permanent financing was approved by April 10, 1990, and by mid-May, their construction financing was approved. On May 10, 1990, Builder sent an invoice to Customers for $21,435, the first payment set out in the document signed by the parties. Customers did not pay; they hired another contractor to build their house. Builder sued and was awarded $71, the unpaid portion of the blueprint costs.

On review, the trial court judgment must be sustained unless it is not supported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. 1976).

If the document signed by the parties was a contract and not a bid as contended by Customers, Builder may have been enti-tled to lost profits. *Juengel Construction Co., Inc. v. Mt. Etna, Inc.*, 622 S.W.2d 510, 514 (Mo.App.1981). Builder introduced estimates totalling $9,518.43 for construction materials; Builder's president testified the estimates were prepared by a lumberyard and the materials were needed for construction. Builder also introduced a labor agreement for $5,475 and estimates for additional materials. Builder's president testified the estimates were prepared by his office and included all the materials needed for the project. He stated the estimates came from suppliers with whom he does regular business.

If the trial court found a contract existed and that Builder proved his costs, the proper measure of damages would be the contract price minus the actual cost of construction. *Fort Zumwalt School District v. Recklein*, 708 S.W.2d 754, 755–56 (Mo.App.1986). However, the trial court was free to disbelieve Builder's evidence. *Gaines v. Vallance*, 811 S.W.2d 472, 475 (Mo.App.1991). Builder's president admitted the contents of his letter to Customers was untrue wherein he stated the building materials had been ordered. A finding that Builder's evidence was not credible and Builder failed to prove lost profits would not have been against the weight of the evidence. We affirm.

AHRENS, P.J., and REINHARD, J., concur.