**Leo AUFFERT, Appellant,**

**v.**

**Mary Ellen AUFFERT, Respondent.**

**No. WD 45377.**

Missouri Court of Appeals,
Western District.

April 28, 1992.

Jerold L. Drake, Grant City, for appellant.

Roger M. Prokes, Maryville, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

PER CURIAM.

This controversy between brother and sister concerns their proportionate ownership in a jointly-titled certificate of deposit purchased by their deceased mother. Leo Auffert sued to recover one-half the value of the certificate of deposit cashed by Mary Ellen Auffert. The trial court granted summary judgment in favor of Mary Ellen, finding her to be entitled to all proceeds from the certificate of deposit. Leo now appeals.

We reverse and remand with directions.

Both parties moved for summary judgment. No factual dispute exists.

On January 7, 1981, Rachel Auffert purchased with her solely-owned funds a $10,000 certificate of deposit from the Nodaway Valley Bank. Rachel jointly-titled the certificate with herself and two of her children by making it payable to:

> Rachel Auffert or Sister Mary Ellen Auffert O.S.B. or Leo Auffert, either or the survivor.

Rachel died on March 21, 1986. After her death, the certificate of deposit was found in an envelope with a note in Rachel's handwriting and signed by her:

> Leo:
> If I die this goes to Sr Mary Ellen. Wanted another name on it
> Rachel Auffert
> Jan 7 1981

Mary Ellen cashed the certificate of deposit in July 1986, and retained the proceeds.

Leo contends on appeal that the trial court erred in entering summary judgment in favor of Mary Ellen. According to Leo, he and Mary Ellen equally owned the certificate of deposit by operation of law. He asserts that the language of the note found with the certificate was too vague to divest him of that ownership interest. Mary Ellen counters, asserting that Rachel's intent expressed in her note was legally sufficient to justify an unequal division.

■ Compliance with § 362.470.1, RSMo 1986, creates a conclusive presumption of joint tenancy in a bank deposit[1]. *Estate of LaGarce v. Mouldon*, 487 S.W.2d 493, 501 (Mo. banc 1972). Such joint tenancy results, and the right of survivorship ensues when a would-be joint depositor either (1) makes the deposit payable to the depositors as joint tenants or (2) makes the account payable to one or more of the depositors or the survivor or survivors of them. *Gaines v. Vallance*, 811 S.W.2d 472, 473 (Mo.App.1991). Section 362.470.2 specifically provides that if more than two persons are named as depositors, and one of them dies, the deposit becomes the property of the survivors as joint tenants. Maintenance of an account or deposit in the statutory form is conclusive evidence, absent proof of fraud or undue influence, that the deposit is the property of the joint tenants and that title passes to the survivors. *Blue Valley Fed. Sav. & Loan v. Burrus*, 637 S.W.2d 737, 743 (Mo.App. 1982). As between two surviving joint tenants following the death of the third, evidence of the intent of the parties when the deposit was established is irrelevant and cannot be used to divest one of the survivors of ownership. *Peters v. Carr*, 654 S.W.2d 317, 322 (Mo.App.1983) (*interpreting Blue Valley*, 637 S.W.2d at 742–43). The irrebuttable presumption controls in spite of a depositor's mistake regarding the legal effect of the establishment of a statutory joint tenancy. *Estate of Hysinger v. Heeney*, 785 S.W.2d 619, 626 (Mo.App. 1990).

■ The undisputed facts show statutory compliance: Rachel deposited her money in the bank in the names of and payable to herself or Mary Ellen or Leo, "either or the survivor"; Leo and Mary Ellen survived Rachel's death. By virtue of § 362.470, Leo and Mary Ellen conclusively succeeded to ownership of the certificate of deposit[2] as joint tenants. Neither litigant presented any allegations of fraud or undue influence. Any evidence of the parties' intent in the creation of the certificate of deposit became irrelevant after Rachel's death. *Blue Valley*, 637 S.W.2d at 744[4].

■ Once the existence of a joint bank deposit is established, the inquiry shifts to the proportionate ownership interests of the surviving joint tenants. The law presumes equal ownership. The creation of a joint bank account in the statutory form

---

1. Two substantially similar statutes pertain to joint tenants' accounts. Section 362.470 applies to joint deposits in banks and trust companies. Section 369.174 governs joint accounts in savings and loan associations.

2. Because the certificate of deposit was specifically marked "not transferable," it was a species of "joint deposit" within the meaning of § 362.470. *Estate of Brown v. Fulp*, 718 S.W.2d 588, 594 (Mo.App.1986).

raises a rebuttable presumption that the co-owners share equally in the ownership of the funds on deposit. *Blue Valley*, 637 S.W.2d at 744. The presumption of equal ownership will prevail as to the joint tenants with the burden on the party claiming otherwise to supply proof that a different proportion should apply. *Id.* As to the respective interests of the survivors, evidence of disproportionate contributions is relevant and can be shown to overcome the presumption of equal interests between joint tenants. *Peters*, 654 S.W.2d at 322 (*interpreting Blue Valley*, 637 S.W.2d at 743).

■ Mary Ellen, as the proponent of differing shares, failed to meet her burden of proof. The presumption of equal ownership prevails in this case. Rachel created the certificate of deposit with her own funds without contribution from Leo or Mary Ellen. Mary Ellen was, therefore, foreclosed from supplying the requisite proof by showing disproportionate contributions.

■ In addition, Rachel's note found with the certificate of deposit directing unequal division after her death failed to defeat the survivors' status as joint tenants and the presumption of equal ownership. During one's lifetime, an individual who has deposited all the funds in a joint account has the power to divest the interests of a non-contributing joint tenant by transferring those funds to a new account. *Blue Valley*, 637 S.W.2d at 745; *Carroll v. Hahn*, 498 S.W.2d 602, 607 (Mo.App.1973). Creation of such new account requires compliance with § 362.470.1 by listing the names of the new joint owners with the appropriate language of survivorship. *Gaines*, 811 S.W.2d at 473. Consequently, after the creation of a statutory joint tenancy, the only means available to alter the joint tenants' proportionate interests is to change the names on the account. Because Rachel failed to comply with the statutory formalities during her lifetime, the law presumes that Leo and Mary Ellen equally owned the certificate of deposit.

The trial court misapplied the law, and improvidently granted summary judgment in favor of Mary Ellen Auffert. We accordingly reverse the judgment, and remand with directions to enter judgment in favor of Leo Auffert for one-half the funds withdrawn from the joint certificate of deposit.