Morgan RUSHING, Plaintiff–Appellant,

v.

SOUTHERN MISSOURI BANK, Defendant–Appellant,

and

Robert P. Lowery, Personal Representative of the Estate of Herman Lowery, Deceased, Defendant–Respondent.

Nos. 18263, 18268.

Missouri Court of Appeals, Southern District, Division One.

Aug. 10, 1993.

Thomas W. Millington, Schroff, Glass & Newberry, P.C., Springfield, for plaintiff-appellant Morgan Rushing.

William L. Mauck, David L. Wieland, Yates, Mauck, Bohrer, Elliff, Croessmann and Wieland, P.C., Springfield, for defendant-appellant Southern Missouri Bank.

Thomas W. Cline, Gainesville, for respondent Robert P. Lowery, Personal Represen-

tative of Estate of Herman Lowery, Deceased.

**CROW, Presiding Judge.**

This lawsuit began when the owner of a certificate of deposit sued the depository, alleging it surrendered the funds to an unauthorized person. From that innocuous nascence, the parties steered the case through a procedural labyrinth to a summary judgment disposing of fewer than all issues. The murky path we must negotiate requires an introduction of the three parties filing briefs. They are:

Morgan Rushing ("Plaintiff"), appellant in appeal 18263.

Southern Missouri Bank ("SMB"), appellant in appeal 18268.

Robert P. Lowery, Personal Representative of the Estate of Herman Lowery, Deceased,[1] respondent in both appeals.

At one time, Robert P. Lowery was a party in his individual capacity, as shall appear *infra.* Whether he remains so is an issue we need not decide. In this opinion, we refer to him in his representative capacity as "Personal Representative Lowery."

The judgment appealed from awards a fund exceeding $72,000 to Personal Representative Lowery. How that came about can be fathomed only by traveling the sinuous trail down which the parties led the trial court.

April 21, 1989. Plaintiff files seven-count petition against two defendants: SMB and Herman Lowery. The first five counts seek judgment against SMB; the final two counts seek judgment against Herman Lowery. The subject of all counts except Count V is an alleged $68,493.92 deposit by Plaintiff in SMB on June 18, 1982, for which SMB issued a certificate of deposit to Plaintiff. The petition avers that beginning in June, 1983, and continuing until June 17, 1985, one Helen Payne ("Ms. Payne") withdrew the money (ulti-mately, all of it). The petition further pleads: Ms. Payne married Herman Lowery; she conspired with him to obtain Plaintiff's funds; in furtherance of the scheme, she transferred the funds to a different bank and into an account of "Herman Lowery and Helen Lowery"; Plaintiff was unaware of this until Ms. Payne died; since her death, Herman Lowery has transferred the funds into others' names. A synopsis of each count of Plaintiff's petition appears under "Item A" in the Appendix to this opinion.

May 11, 1989. Herman Lowery files answer to Plaintiff's petition, admitting he (Herman) married Ms. Payne and generally denying Plaintiff's other allegations.

June 28, 1989. SMB files answer to Plaintiff's petition, denying fault. Accompanying the answer is a cross-claim by SMB against Herman Lowery. The cross-claim prays that if SMB is held liable to Plaintiff, SMB have judgment against Herman Lowery to the extent that any of Plaintiff's funds be traced to Herman. A synopsis of the cross-claim appears under "Item B" in the Appendix to this opinion.

July 5, 1989. Herman Lowery files answer to SMB's cross-claim, admitting he and Ms. Payne were married and remained so until she died. Herman also admits Ms. Payne deposited monies in a checking account in their joint names, but denies knowing the source of the funds.

July 11, 1989. SMB files application for temporary restraining order ("TRO"), motion for leave to join Robert P. Lowery as an "additional Defendant," and motion for leave to file an amended cross-claim against Herman Lowery and Robert P. Lowery. The application for TRO avers: on July 1, 1989, Robert P. Lowery appeared at SMB and deposited $69,108.39 in account 1700604496 ("account 4496"); the signature card for that account bears signatures of H.J. Lowery (believed by SMB to be Herman Lowery), Helen P. Lowery (believed

---

1. The briefs filed by counsel for this party identify the party as "Estate of Herman Lowery." Missouri cases hold the personal estate of a decedent is not a legal entity, therefore it cannot sue or be sued as such. *Estate of Lemaster v. Hackley,* 750 S.W.2d 692, 694[1] (Mo.App.W.D. 1988); *In re Estate of Cromwell,* 522 S.W.2d 36, 40–41[4] (Mo.App.1975). A decedent's estate can act only by and through the decedent's personal representative. *Estate of Lemaster,* 750 S.W.2d at 694[2]; *Estate of Cromwell,* 522 S.W.2d at 41.

by SMB to be the deceased Ms. Payne), and Robert P. Lowery; SMB believes the funds in account 4496 are, in whole or part, proceeds of the funds which Plaintiff claims were his; on July 7, 1989 (six days after the $69,108.39 deposit), Robert P. Lowery reappeared at SMB and stated he wanted to withdraw the entire amount in account 4496, some $71,831; an SMB official told Robert the transaction could not occur until July 10, 1989, because of the amount involved. These facts, says SMB, may subject it to liability if it denies Robert's request for withdrawal, and may also subject it to "further legal claims" by Plaintiff if SMB honors the request. The application prays for a TRO restraining Herman Lowery and Robert P. Lowery from withdrawing any funds from account 4496 and restraining SMB from disbursing any funds from said account without court order.

SMB's filings of July 11, 1989, were presented to the trial court *ex parte* that date. The trial court entered the TRO sought by SMB. The trial court also granted SMB leave to file an amended cross-claim joining Robert P. Lowery as a "Cross–Defendant."

SMB's first amended cross-claim was stamped "filed" July 11, 1989. It contains two counts. The first is identical to SMB's original cross-claim of June 28, 1989 (Appendix, Item B). The second count incorporates by reference the averments of SMB's application for TRO, and pleads SMB would be "subjected to conflicting legal claims and liabilities if it is presented with an order to pay over those funds presently deposited in [account 4496] without further order of the Court as it appears that Plaintiff and ... Herman Lowery ... each claim an interest therein." The second count prays for a "Preliminary Injunction" barring SMB "from paying such funds to any third person or party without further order of this Court:...."

July 18, 1989. Summons and copies of TRO and SMB's first amended cross-claim are served on Robert P. Lowery.

July 21, 1989. Lawyer Thomas W. Cline files entry of appearance "as counsel for defendant, Robert P. Lowery." A handwritten stipulation is filed, bearing signatures of Robert P. Lowery, his lawyer, and SMB's lawyer. It reads, in pertinent part:

> Comes now the defendants, Robert P. Lowery, and [SMB], and stipulate as follows:
>
> (a) that the defendant, Robert P. Lowery, has made no contribution to the funds in [account 4496] which is the subject matter of the preliminary injunction herein.
>
> (b) that said defendant has no interest in said account only to the extent that he appears on said account for the sole purpose of avoiding probate in the case of death of Herman Lowery....
>
> (c) based upon the foregoing, [SMB] agrees to dismiss as against this defendant Robert P. Lowery, without prejudice.

An entry dated July 21, 1989, on the trial court's docket sheet reads, in pertinent part:

> Stipulation filed and accepted by the court. Claim against Robert P. Lowery dismissed by [SMB] without prejudice. TRO continued to August 28, 1989, at 9:00 a.m. for the purpose of hearing evidence, by agreement of the parties. [SMB] directed to pay funds currently standing in [account 4496] into the registry of the court pending further proceedings....

July 24, 1989. SMB deposits $72,120.73 into registry of trial court. We henceforth refer to that money as "the registry funds."

August 15, 1989. Herman Lowery files (1) motion for leave to file amended answer to Plaintiff's petition, (2) the proposed first amended answer, (3) answer to SMB's first amended cross-claim, and (4) a cross-claim against SMB. The latter pleading avers: Herman Lowery and his son, Robert Lowery, are "named signatories" for account 4496; Robert requested withdrawal of approximately $71,831 from the account July 7, 1989; SMB denied the request, thereby breaching its duty to Herman Lowery; SMB's conduct was without lawful justification. Prayer is for judgment against SMB for $71,000 actual damages and $100,-000 punitive damages.

August 28, 1989. SMB files motion to dismiss Herman Lowery's cross-claim against it, or alternatively to make the cross-claim more definite and certain. A hearing is held, but no ruling is made on those issues. An entry on the trial court's docket sheet dated August 28, 1989, reads: "Hearing held on record. Funds to remain with Circuit Clerk."

August 30, 1989. Herman Lowery dies.

September 8, 1989. Plaintiff files motion to add parties and file an amended petition. The motion avers Herman Lowery has died and "his children and heirs are Robert Lowery and Janet Brantly." Plaintiff's proposed amended petition accompanies the motion and is stamped "filed" September 8, 1989. Among its eight counts are three seeking relief against Robert Lowery and Janet Brantly on the theory that they succeeded to funds traceable from Plaintiff to Ms. Payne to Herman Lowery.

September 9, 1989. SMB files suggestion of Herman Lowery's death.

November 8, 1989. Lawyer Cline (counsel of record for Herman Lowery at the time he died) files three documents: (1) his entry of appearance "for Robert Lowery"; (2) motion of Robert Lowery for damages against SMB's bond; [2] (3) motion of Robert Lowery for delivery of the registry funds to him. Document "2" pleads, *inter alia:*

1. Defendant Robert Lowery is an undisputed joint account holder of the account set forth in [SMB's] request for restraining order.

2. This Defendant was restrained from having access to said funds by a judicial order ... acquired by [SMB].

3. The restraining order has subsequently been dismissed and this Defendant is entitled to damages.

4. This Court has previously heard arguments on the issue of damages and this Defendant reiterates the position presented by his father, Defendant Herman Lowery, now deceased, who was a co-tenant of the account.

....

Document "3" pleads, *inter alia:* "... there is no dispute that [Robert Lowery] was a joint account holder with ... Herman Lowery who is now deceased."

The date the above documents were filed (November 8, 1989) a hearing was held in the trial court. A transcript of it is in the record on appeal. The transcript shows Plaintiff was represented at the hearing by his attorney of record, SMB was represented at the hearing by its attorney of record, and "Defendant Herman Lowery" was represented at the hearing by lawyer Cline.[3]

Several events occurred at the November 8, 1989, hearing. Those pertinent to these appeals are:

1. Trial court grants Herman Lowery's motion of August 15, 1989, *supra,* to file a first amended answer to Plaintiff's petition. The first amended answer (on file since August 15, 1989) pleads defenses not pled in Herman Lowery's original answer of May 11, 1989. The new defenses include laches and § 516.-120, RSMo 1986 (the five-year statute of limitations).

2. Trial court denies SMB's motion of August 28, 1989, to dismiss Herman Lowery's cross-claim against SMB, but grants SMB's alternative motion to make the cross-claim more definite and certain.

3. Trial court hears argument on Plaintiff's motion of September 8, 1989, to add Robert Lowery and Janet Brantly as defendants and for leave to file an amended petition. The debate includes this:

MR. CLINE: ... At the time [Robert Lowery] signed the stipulation [filed July 21, 1989, *supra* ] he disclaimed any interest [in account 4496] because of the fact that it was a matter pending and he agreed it was his father's funds. However now if those

---

2. SMB had posted a $5,000 corporate surety bond in connection with the TRO issued July 11, 1989.

3. Evidently, no one realized that when a party to an action dies, the authority of his attorney is terminated. *Basman v. Frank,* 250 S.W.2d 989, 994[10] (Mo.1952); *State ex rel. White v. Terte,* 293 S.W.2d 6, 10[3, 4] (Mo.App.1956).

216

funds had stayed in the hands of the bank he would be the owner of as a matter of law the account holder.

. . . .

THE COURT: ... I'm going to sustain the motion to add Robert Lowery as a party [and] to file amended petition as to Robert Lowery.... I'm going to deny [Plaintiff's] motion to add Janet Brantley (sic)....

. . . .

[SMB's lawyer]: ... should we then understand that pleading is required to that amended petition as of September 8th?

THE COURT: I would say no, that I'm sustaining [Plaintiff's] motion to file an amended petition as to Robert Lowery and I think that we need another amended petition—

[Plaintiff's lawyer]: I understand.

THE COURT:—directed at him and at that time answer will be due under the rule.

[SMB's lawyer]: Petition that has been on file since September 8th would simply be an exhibit to the motion?

THE COURT: ... I'm denying the filing of that specific petition as to both parties so there's no question about that, is that right?

[Plaintiff's lawyer]: I understand.

The trial court's docket entry following the above dialogue reads: "Mot. to add parties and file amended petition sustained as to Robert P. Lowery, denied as to Janet Brantly. Plaintiff to file amend [sic] petition, after which time answers become due." The trial court then mentioned the documents filed at the beginning of the hearing by lawyer Cline on behalf of Robert Lowery—documents "2" and "3" described *supra* in the initial paragraph recounting the activity of November 8, 1989. This dialogue occurred:

[Plaintiff's lawyer]: As a technical matter, I suppose that really should not be filed until I get service on Robert Lowery or until I get the amended petition filed and an entry of appearance or waiver of service on Robert Lowery.

Right now, as I understand it, Robert Lowery is not a party to this.

THE COURT: Right you are, you've been permitted to file, I've already shown them filed because in effect they were handed to me and offered but that's all, it means they're in the file as of today's date but I do believe that you're correct that until he's served and is actually in the lawsuit, that it's probably premature to take it up.

November 14, 1989. Lawyer Cline files "Motion for Substitution of Party" which reads, in pertinent part:

Comes now Robert P. Lowery and shows the Court that Herman Lowery, a defendant in this action, died on August 30, 1989, and that Robert P. Lowery is the lawful personal representative of said Herman Lowery.

It is therefore prayed that the court enter its order that Robert P. Lowery be substituted in this action as defendant in the place and stead of said Herman Lowery.

Attached to the motion is a copy of a "Notice of Letters Granted" signed by a probate clerk stating the date of first publication of the notice will be November 22, 1989.

March 23, 1990. Trial court makes docket entry reading, in pertinent part:

Motion for Substitution of Party sustained. Robert P. Lowery, personal representative of Herman P. (sic) Lowery is substituted for Herman P (sic) Lowery.

April 3, 1990. Lawyer Cline files pleading denominated "Defendant Robert Lowery's First Amended Cross-claim Against Defendant, Southern Missouri Bank." The pleading contains five counts and begins: "Comes now Robert Lowery, substituted party, and states...." In a segment characterized "Allegations Common to All Counts," the pleading refers to the funds in account 4496 at SMB on July 7, 1989, as "cross-claimant Robert Lowery's funds." A synopsis of each count of the pleading appears under "Item C" in the Appendix to this opinion.

April 5, 1990. Inventory and appraisement filed in probate court in Estate of

Herman Lowery. No reference to the $72,-120.73 deposited by SMB into registry of trial court July 24, 1989.

April 19, 1990. SMB files "Answer to First Amended Cross–Claim." SMB's answer explains that "[f]or purposes of clarity," SMB will refer to the pleading to which its answer is addressed as the "Lowery Cross–Claim." SMB's answer avers, *inter alia,* that any reference in the "Lowery Cross–Claim" to account 4496 being "Robert Lowery's funds" is false and misleading in that he admitted in open court (presumably the stipulation of July 21, 1989, *supra*) that all of the funds were property of Herman Lowery and he (Robert) had no personal interest in them. SMB's answer also pleads:

> ... [SMB] has had no claim whatsoever against the funds constituting account [4496] either while the same were in its hands or since the same were paid into Court.

July 20, 1990. Personal Representative Lowery files "Amendment to Inventory" in probate court in Estate of Herman Lowery. It states certain assets were not listed on the original inventory, to-wit:

> cash in the amount of $72,120.73 held by the Circuit Clerk of Ozark County ... plus interest accrued on that amount since date of deposit, July 24, 1989.

June 26, 1991. SMB files motion for summary judgment in its favor on claims of Plaintiff and Personal Representative Lowery. Motion pleads, *inter alia,* that SMB is entitled to be "stricken from the pleadings" per § 362.360, RSMo 1986 (interpleader by bank), in that SMB paid into court the deposit which is the subject of the action. Motion also avers SMB is entitled to judgment in its favor on any claims against it by Robert Lowery in his own behalf, as "he has no standing in this suit." Motion is accompanied by suggestions pointing out that Plaintiff never filed the

amended petition authorized by the trial court November 8, 1989, when it granted Plaintiff's request to add Robert Lowery as a defendant but denied Plaintiff's request to add Janet Brantly as a defendant. Consequently, the claims by Plaintiff against SMB are those in his original petition (Appendix, Item A).

October 17, 1991. Plaintiff files motion for partial summary judgment in his favor on his claims against SMB and the Estate of Herman Lowery. Motion avers pleadings and facts established by discovery demonstrate Plaintiff is entitled to recover not less than $68,493.92, the amount of the certificate of deposit issued to him by SMB on June 18, 1982, plus interest on that sum taken by Ms. Payne.

Also, on October 17, 1991, Personal Representative Lowery files "Motion for Leave to Amend Pleadings." It avers, *inter alia:* Herman Lowery died August 30, 1989; publication of notice of letters commenced November 16, 1989 [4]; no claims have been filed against the Estate of Herman Lowery during the one year following his death.

October 21, 1991. Trial court conducts hearing, attended by Plaintiff's lawyer, SMB's lawyer, and lawyer Cline. One issue is whether Count VI of Plaintiff's petition (Appendix, Item A) should be stricken.[5] Lawyer Cline argues the count pleads no specific acts constituting fraud. Plaintiff's lawyer argues otherwise, but asks for leave to amend if trial court finds the count "needs more specificity."

Later during the October 21, 1991, hearing, Plaintiff's lawyer mentions that Robert Lowery was never served with summons and a copy of Plaintiff's amended petition (presumably the one stamped "filed" September 8, 1989). After comments by counsel, the transcript shows:

> THE COURT: ... On November 8, '89, there was a hearing. [Plaintiff's

---

4. This appears erroneous. As reported *supra,* a copy of the notice of letters in the legal file states publication was to begin November 22, 1989.

5. We find no motion to strike in the record; however, the docket sheet shows one was filed

September 24, 1990. The transcript of the October 21, 1991, hearing indicates the motion to strike identified the count under attack as "Count IV." Lawyer Cline told the trial court, "It should be Count VI."

lawyer, SMB's lawyer] and Mr. Cline [were present].... there were several different orders. Motion to add parties and ... file amended petition sustained as to Robert P. Lowery, denied as to Janet Brantly.... Plaintiff to file amended petition, after which time answers become due....

[Plaintiff's lawyer]: Yeah. Okay.... I just assumed ... we wouldn't serve Janet and would carry on. But we can redo the petition without her name on it.... We'll do that, then.

October 25, 1991. Trial court files order reading, in pertinent part:

1. Motion to Strike (Count IV[6] of Plaintiff's Petition), filed September 24, 1990. Finding: The averments of fraud are not stated with particularity and the requirements of Rule 55.15 have not been met. Order: Plaintiff's oral motion for leave to amend pleadings in the event of insufficient allegation is sustained per Rule 55.33(a). Plaintiff given twenty days to plead. Responsive pleadings due ten days after service of amended pleadings.

. . . .

3. Motion for Leave to Amend Pleadings, filed October 17, 1991, is sustained.

. . . .

October 31, 1991. Pursuant to paragraph 3 of trial court's order of October 25, 1991, Personal Representative Lowery files "Second Amended Answer" to Plaintiff's petition (Appendix, Item A). The second amended answer is essentially identical to the first amended answer (referred to in this opinion's description of event "1" at the November 8, 1989, hearing) except that in addition to the defenses pled in the first amended answer, the second amended answer pleads that all counts except Count V are barred by § 473.360, RSMo Cum.Supp. 1989.[7]

Also on October 31, 1991, pursuant to paragraph 3 of trial court's order of October 25, 1991, Personal Representative Lowery files "First Amended Answer to Defendant [SMB's] First Amended Cross-claim Against Defendant Herman Lowery." The first amended answer is essentially identical to the answer filed August 15, 1989 (before Herman Lowery died), except that as an affirmative defense to Count I of SMB's first amended cross-claim, the second amended answer avers:

. . . .

11. Defendant [SMB] has failed to preserve its claim by filing the proper pleadings against the Estate of Herman Lowery within the time allowed by law pursuant to § 473.360.

12. Defendant [SMB's] claim against Herman Lowery is barred by the Statute of Limitations.

. . . .

December 16, 1991. Trial court files order adjudicating SMB's motion of June 26, 1991, for summary judgment in its favor on claims asserted against it by Personal Representative Lowery's first amended cross-claim of April 3, 1990 (Appendix, Item C). Trial court grants SMB's motion as to Count IV, but denies it as to Counts I, II, III, and V.

January 27, 1992. Trial court files order (a) denying SMB's motion of June 26, 1991, for summary judgment in its favor on claims against it by Plaintiff, and (b) deny-

---

**6.** Apparently, the order should have been directed to Count VI. See footnote 5, *supra.*

**7.** Section 473.360, RSMo Cum.Supp.1989, reads, in pertinent part:
1. Except as provided in section 473.370, all claims against the estate of a deceased person ... whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probate division, or are not paid by the personal representative, within six months after the first published notice of letters testamentary or of administration, are forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent....
2. Unless written notice of actions instituted or revived under section 473.363 or 473.367 is filed in the probate division within six months after the first published notice of letters, no recovery may be had in any such action on any judgment therein against the *personal representative out of any assets* being administered upon in the probate division or from any distributee or other person receiving the assets.
. . . .

ing Plaintiff's motion of October 17, 1991, for partial summary judgment in his favor on his claims against SMB and the Estate of Herman Lowery.

February 20, 1992. Lawyer Cline files "Defendant Estate of Herman Lowery's Motion for Summary Judgment Against Plaintiff Morgan Rushing; Against Cross Claimant Southern Missouri Bank's Claims Against Herman Lowery and for the Estate of Herman Lowery on Estate's Claims Against Defendant Southern Missouri Bank on Issues of Liability and for its Order Returning the Funds Held by the Court over to the Estate of Herman Lowery." Suggestions accompanying the motion assert Count VI of Plaintiff's petition was stricken by paragraph 1 of trial court's order of October 25, 1991 (quoted *supra*),[8] and Plaintiff was granted 20 days to amend, but has not done so. Consequently, according to the suggestions, Count VI "is not now before this Court."

April 4, 1992. Plaintiff files motion for leave to file a second amended petition, together with a copy of the proposed second amended petition.

April 27, 1992. Trial court conducts hearing. Docket entry states: "All motions taken under advisement."

May 28, 1992. Trial court files order adjudicating Personal Representative Lowery's motion of February 20, 1992, for summary judgment, and Plaintiff's motion of April 4, 1992, to file a second amended petition.

8. The confusion about Count VI is reported *supra* in the text of this opinion and footnotes 5 and 6.

9. October 21, 1991, was the date the trial court heard argument on this issue. The written order granting Plaintiff 20 days to amend was filed October 25, 1991.

10. We are baffled by this declaration. As we have seen, Plaintiff filed a motion September 8, 1989, for leave to add Robert Lowery and Janet Brantly as parties and to file an amended petition seeking relief from them. The proposed amended petition was stamped "filed" September 8, 1989, even though Plaintiff had not received permission to add either Robert Lowery or Janet Brantly as parties. On November 8,

June 26, 1992. In response to motions by Plaintiff and SMB for reconsideration of the order of May 28, 1992, trial court files new order. The first segment of it pertinent to these appeals reads:

... the Court takes up the Motion for Leave to Amend, filed by Plaintiff. On October 21, 1991, the Court in its written order granted Plaintiff's oral motion for leave to amend pleadings and granted twenty days to plead.[9] No amended pleadings were filed until April 4, 1992, when a Second Amended Petition was offered along with a Motion for Leave to Amend. Due to the age of the case, the failure of Plaintiff to comply with the Court's order of October 21, 1991, regarding amendment, and the extent of legal work done in the case since October 21, 1991, the Court now denies the Motion for Leave to Amend.

The next segment of the order of June 26, 1992, pertinent to these appeals reads:

Defendant Estate's Motion for Summary Judgment is reconsidered in the order in which the matters were considered in the Order of May 28, 1992:

1. Plaintiff v. Estate of Herman Lowery: The claims of Plaintiff against the Estate of Herman Lowery which are before the Court are set out in Counts V, VI and VII of the amended petition, filed on September 8, 1989.[10] The Court finds that the cited statutes of limitation are applicable, that therefore no genuine issue of material fact exists, that the Estate of Herman Lowery is entitled to judgment as a matter of law and that

1989, the trial court addressed this subject, as reported in this opinion's narrative of event "3" at the hearing that date. As noted there, the trial court granted Plaintiff leave to add Robert Lowery as a party, but denied leave to add Janet Brantly. The trial court's remarks, as we comprehend them, denied leave to file the amended petition tendered September 8, 1989, and directed Plaintiff to file another petition omitting claims against Janet Brantly. The docket entry is consistent with that understanding. Furthermore, Counts V, VI and VII of the amended petition "filed" September 8, 1989, seek relief against only Robert Lowery and Janet Brantly. No count in that document seeks relief against the "Estate of Herman Lowery."

there is no just reason for delay in entering judgment. Accordingly, the Motion for Summary Judgment is sustained, and Judgment is entered in favor of Defendant Estate.

2. Defendant Southern Missouri Bank v. Estate of Herman Lowery: The claims of Defendant Southern Missouri Bank against the Estate of Herman Lowery which are before the Court are set out in the First Amended Cross–Claim, filed on July 11, 1989. The Court finds that the cited statute of limitation is applicable, that therefore no genuine issue of material fact exists, that the Estate of Herman Lowery is entitled to judgment as a matter of law and that there is no just reason for delay in entering judgment. Accordingly, the Motion for Summary Judgment is sustained, and Judgment is entered in favor of Defendant Estate.

3. ....

4. Defendant Estate's Request for [an] Order Returning Funds Held by the Court to the Estate of Herman Lowery: The Court finds that there is no just reason for delay and accordingly finds as a matter of law, in the context of the above judgments, that the specific funds held by the Court were the property of Herman Lowery at the time of his death, Robert Lowery having disclaimed any interest in the funds and the joint account having been closed. The Court further finds that no other party to this suit has a pending claim against these specific funds. This finding requires, and the Court now does, enter its order to the Clerk of the Court, as follows: The Clerk is directed to return the funds deposited in [the registry of this court] to the Estate of Herman Lowery, deceased, Robert Lowery, Personal Representative, on August 6, 1992, unless notice of appeal has been filed or unless prevented from doing so by order of Court.

Plaintiff and SMB appeal from the above order.[11] The appeals are consolidated, but we address them separately in this opinion.

### Plaintiff's appeal, number 18263

■ Plaintiff presents four assignments of error. We start with Point II. It maintains the trial court erred in granting Personal Representative Lowery's motion for summary judgment in that the evidence substantiated that the registry funds were "derived from the wrongful payment of Plaintiff's certificate of deposit proceeds to [Ms. Payne] and ultimately transferred to [account 4496] in the joint names of Herman Lowery and Robert Lowery, which, upon the death of Herman Lowery, created a conclusive presumption between the Estate of Herman Lowery and Robert Lowery that the fund on deposit with the court, last derived from the joint bank account, was the property of Robert Lowery pursuant to § 362.470 [RSMo 1986]."

■ Section 362.470 reads, in pertinent part:

1. When a deposit is made by any person in the name of the depositor and any one or more other persons ... as joint tenants or in form to be paid to any one or more of them, or the survivor or survivors of them and whether or not the names are stated in the conjunctive or the disjunctive or otherwise, the deposit thereupon and any additions thereto made by any of these persons, upon the making thereof, shall become the property of these persons as joint tenants, and the same, together with all interest

---

11. On Plaintiff's notice of appeal, the caption of the case includes "Robert Lowery, individually." Personal Representative Lowery has filed a motion to strike those words, arguing: "Robert Lowery, individually, is not a party to this cause of action." We note, however, that on November 8, 1989, lawyer Cline filed his entry of appearance "for Robert Lowery," and also filed motions for affirmative relief, i.e., damages against SMB's bond and delivery of the registry funds to Robert Lowery. We espy no withdrawal of these motions in the record. It is therefore arguable Robert Lowery, individually, is a party. We have not named him as a party in the caption of this opinion, but only because he is not an appellant and has filed no brief as a respondent. In adjudicating these appeals, it is unnecessary to decide whether Robert Lowery, individually, is a party, and we decline to do so. Accordingly, we need not determine whether Personal Representative Lowery has standing to complain about Robert Lowery, individually, being included in the caption on Plaintiff's notice of appeal.

thereon, shall be held for the exclusive use of the persons so named, and may be paid to any one of such persons during his lifetime, or to any one of the survivors of them after the death of any one or more of them. The making of a deposit in such form, and the making of additions thereto, in the absence of fraud or undue influence, shall be conclusive evidence in any action or proceeding to which either the bank or trust company or any survivor is a party of the intention of all the parties to the account to vest title to the account and the additions thereto and all interest thereon in the survivor....

Plaintiff cites one case, *Auffert v. Auffert*, 829 S.W.2d 95 (Mo.App.W.D.1992), in support of Point II. *Auffert* holds compliance with § 362.470.1 creates a conclusive presumption of joint tenancy in a bank deposit. 829 S.W.2d at 97. Such joint tenancy results, and the right of survivorship ensues, when a would-be joint depositor either (1) makes the deposit payable to the depositors as joint tenants or (2) makes the account payable to one or more of the depositors or the survivor or survivors of them. *Id.*

We have searched the massive record (the legal file exceeds 700 pages), but have failed to find any document pertaining to account 4496 which sets forth the statutory language. However, Personal Representative Lowery, in his brief, concedes account 4496 was held in joint tenancy by Herman Lowery and Robert Lowery.

Nonetheless, argues Personal Representative Lowery, the joint tenancy was severed by Robert Lowery when he filed the stipulation of July 21, 1989 (quoted *supra* ), with the trial court.[12] In support of that premise, Personal Representative Lowery cites *Matter of Robinson*, 791 S.W.2d 844 (Mo.App.E.D.1990), which explains that generally, a joint tenancy may be terminated during the lives of the joint tenants by any act, acts or conduct inconsistent with the continued existence of the joint tenancy or which operates to destroy or terminate any one or more of the essential unities of interest, title, time or possession. *Id.* at 848[1].

The facts in *Robinson* are too different from those here for *Robinson* to apply. In *Robinson*, a parcel of real estate was deeded to an elderly woman and her adult grandson as joint tenants with right of survivorship. *Id.* at 845. There was evidence that the grandson stated the deed was made as a matter of convenience, that the real estate was his grandmother's property, and she put his name on the deed so that in case of her death, he could quickly sell the property and pay her funeral bill. *Id.* at 850.

Here, the stipulation of July 21, 1989, stated Robert Lowery had "no interest in [account 4496] only to the extent that he appears on said account for the sole purpose of avoiding probate in the case of death of Herman Lowery...."

■ Joint tenancy is based on the theory that the tenants own one undivided estate together, the distinctive characteristic being the right of survivorship. *In re Gerling's Estate*, 303 S.W.2d 915, 917 (Mo. 1957). Upon the death of any one joint tenant, the surviving tenants own the entire undivided estate together, and so on to the last surviving tenant, who becomes sole owner. *Id.*

■ That was the apparent objective of Robert Lowery regarding account 4496. His stated goal of avoiding probate in case of Herman Lowery's death is consistent with the distinctive characteristic of joint tenancy: the right of survivorship. We hold Robert Lowery's filing of the stipulation of July 21, 1989, was not an act inconsistent with continued existence of a joint tenancy in account 4496. We therefore agree with Plaintiff that the trial court erred as a matter of law in holding that the

12. This argument, presented on Personal Representative Lowery's behalf by lawyer Cline, is contrary to lawyer Cline's argument of November 8, 1989, quoted *supra*. On that date (after Herman Lowery's death but before Personal Representative Lowery was substituted for him), lawyer Cline asserted that if the funds in account 4496 had remained in SMB, Robert Lowery, individually, "would ·be the owner."

registry funds "were the property of Herman Lowery [alone] at the time of his death." On appeal from a judge-tried case, no deference is accorded the trial court's judgment where the law has been erroneously declared or applied. *In re Marriage of Fry*, 827 S.W.2d 772, 775–76[4] (Mo.App. S.D.1992); *Taylor v. City of Pagedale*, 746 S.W.2d 576, 577–78[3] (Mo.App.E.D.1987); *Rouggly v. Whitman*, 592 S.W.2d 516, 519[1] (Mo.App.E.D.1979).

■ We further hold the joint tenancy in account 4496 was not destroyed when SMB paid the funds into the court's registry. That was done pursuant to court order; it was not an act of Robert Lowery. *Cf. Sentinel Federal Savings & Loan Ass'n v. Jones*, 823 S.W.2d 105, 108[4] (Mo.App. W.D.1991).

It follows that the trial court erred in directing the clerk to surrender the registry funds to Personal Representative Lowery. As between Personal Representative Lowery and Robert Lowery, individually, the latter is entitled to the funds as last surviving joint tenant. This is the position taken by Robert Lowery, individually, in two documents filed on his behalf by lawyer Cline November 8, 1989 (referred to as documents "2" and "3" in this opinion's narrative of the events that date, *supra*).

■ This does not mean, however, that the trial court erred in entering judgment for the "Estate of Herman Lowery" and against Plaintiff on Plaintiff's claims against the "Estate of Herman Lowery." Review of this ruling must begin by identifying what those claims were.

The trial court identified those claims as Counts V, VI and VII of Plaintiff's amended petition (the one stamped "filed" September 8, 1989). Earlier, we pointed out that notion was wrong.[13] When the trial court entered the order appealed from, the only petition pending by Plaintiff was his original petition (Appendix, Item A). Of the seven counts in that petition, two sought judgment against Herman Lowery (Counts VI and VII). By paragraph 1 of its order filed October 25, 1991 (quoted *supra*), the trial court arguably struck Count VI.[14]

■ Whether Count VI was indeed stricken need not be determined. Assuming, without deciding, that the claims asserted by Plaintiff against Herman Lowery in Plaintiff's original petition were not extinguished by Herman Lowery's death, such claims could thereafter be pursued only by compliance with § 473.360, RSMo Cum.Supp.1989,[15] and § 473.363, RSMo 1986. Those statutes provide that an action pending against a person at the time of his death which survives against the personal representative is considered a claim duly filed against the decedent's estate from the time substitution of the personal representative for the deceased defendant, or motion therefor, is made and written notice thereof is filed in the probate division. *Missouri Highway and Transportation Commission v. Myers*, 785 S.W.2d 70, 73 (Mo. banc 1990). Unless written notice of the revived action is filed in the probate division within six months after the first published notice of letters, no recovery may be had in any such action on any judgment therein against the personal representative out of any assets of the estate. *Id.*

Documents presented to the trial court by Personal Representative Lowery in support of his motion for summary judgment demonstrate Plaintiff never filed, in the probate division, a written notice of his action pending against Herman Lowery at the time of the latter's death. Plaintiff does not direct us anywhere in the record showing he filed such a notice. The time for filing had long since expired when the trial court entered the order appealed from (June 26, 1992).

Accordingly, we hold Plaintiff cannot collect a money judgment against Personal

---

13. Footnote 10, *supra.*

14. The confusion about this is discussed *supra* in the text of this opinion and footnotes 5, 6 and 8.

15. The pertinent part of § 473.360 appears in footnote 7, *supra.*

Representative Lowery out of any assets being administered in the probate division in the Estate of Herman Lowery. As the only specific asset in dispute in Plaintiff's appeal is the registry funds, which are not an asset to be administered in the Estate of Herman Lowery, we hold the trial court was correct in ruling that Plaintiff's claims against the "Estate of Herman Lowery" are barred by §§ 473.360–.363.

The above rulings on Plaintiff's Point II dispose of Plaintiff's Points I and III. Those points attack the trial court's order directing the clerk to surrender the registry funds to Personal Representative Lowery.

■ This leaves only Plaintiff's Point IV. It avers the trial court erred in denying Plaintiff's motion of April 4, 1992, to file a second amended petition. As noted earlier, the motion was accompanied by the proposed second amended petition. The latter document contains seven counts. As we comprehend them, all but one (Count VI) seek judgment against SMB alone. Count VI prays for a constructive trust on the registry funds, "prior and superior to any claims of Robert Lowery as personal representative of the Estate of Herman Lowery or individually."

Plaintiff tacitly concedes he needed leave of court to file his proposed second amended petition, but reminds us Rule 55.33(a), Missouri Rules of Civil Procedure (1992) provides, *inter alia,* that "leave shall be freely given when justice so requires."

■ Whether to allow a party to amend his pleading is a matter for the discretion of the trial court, with which an appellate court is not disposed to interfere. *Dye v. Division of Child Support Enforcement,* 811 S.W.2d 355, 358[5] (Mo. banc 1991). Denial of leave to amend is within the sound discretion of the trial court, and its decision will not be disturbed unless there is a showing that such court palpably and obviously abused its discretion. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App.W.D.1984).

It will be recalled that on November 8, 1989, the trial court granted Plaintiff leave to add Robert Lowery as a defendant and file an amended petition. The trial court rejected the amended petition tendered by Plaintiff and stamped "filed" September 8, 1989, which pled claims against SMB, Robert Lowery and Janet Brantly. Evidently, the reason for the rejection was the trial court's denial of Plaintiff's request for leave to add Janet Brantly as a defendant.

Nearly two years later, on October 21, 1991, the matter arose again in open court during argument on whether Count VI of Plaintiff's petition should be stricken. Plaintiff's lawyer mentioned that Robert Lowery had never been served with summons and a copy of Plaintiff's amended petition (inferably the one stamped "filed" September 8, 1989). The colloquy between the trial court and Plaintiff's lawyer, quoted *supra,* demonstrates Plaintiff's lawyer understood (at least after that exchange) that he was to file an amended petition omitting any reference to Janet Brantly.

By paragraph 1 of its order filed October 25, 1991, quoted *supra,* the trial court granted Plaintiff 20 days "to amend pleadings." Thereafter, more than five months elapsed without an amended petition from Plaintiff. By the time Plaintiff filed his motion of April 4, 1992, for leave to file a second amended petition, Personal Representative Lowery's motion for summary judgment had been on file six weeks.

Plaintiff offers no excuse for his failure to tender an amended petition from November 8, 1989, until April 4, 1992, and no justification for his dereliction is discernible in the record. The two cases cited by Plaintiff in support of Point IV are too factually different from the circumstances here to warrant discussion. Point IV is denied.

Our holdings leave Plaintiff with (a) his claims against SMB in his original petition, (b) no claim against Personal Representative Lowery, and (c) no claim against Robert Lowery, individually. Our holdings also leave Robert Lowery, individually, in a position superior to that of Personal Representative Lowery as to the registry funds.

As recounted earlier in this opinion, on November 8, 1989, lawyer Cline, on behalf

of Robert Lowery, individually, filed a motion for delivery of the registry funds to him (Robert). That document is referred to as document "3" and quoted in part in our narrative of the events of November 8, 1989, *supra*. On that date, the trial court declared it was "premature" to take up the motion in that Robert Lowery had not been served with summons (in connection with Plaintiff's effort to join Robert Lowery, individually, as a defendant).

The record shows no further effort by Robert Lowery, individually, to obtain the registry funds. Robert Lowery, individually, did not appeal from the order of June 26, 1992, directing the clerk to surrender the registry funds to Personal Representative Lowery. Indeed, lawyer Cline, who represents Personal Representative Lowery, has filed a motion asserting Robert Lowery, individually, is not a party to this action.[16] While there is an apparent conflict of interest between Personal Representative Lowery and Robert Lowery, individually, in regard to the registry funds, that subject need not be addressed in this opinion.

If Robert Lowery, individually, is a party to this action, he can undertake such effort as he deems proper to obtain an order from the trial court for delivery of the registry funds to him. If Robert Lowery, individually, is not a party to this action, he may seek leave to intervene for the same purpose. We need not—and do not—speculate about which course is correct.

If Plaintiff desires to seek, against Robert Lowery, individually, a constructive trust on the registry funds or other relief, Plaintiff may, within 15 days after the trial court receives our mandate, file an amended petition against Robert Lowery, individually. Inasmuch as Plaintiff was granted leave to add Robert Lowery, individually, as a defendant on November 8, 1989, no further order by the trial court is necessary.[17] If Plaintiff fails to file an amended petition against Robert Lowery, individually, within 15 days after the trial court receives our mandate, the trial court shall not thereafter allow Plaintiff to seek any relief against Robert Lowery, individually.

Plaintiff shall not be allowed to amend his claims against SMB. He must stand on his claims against SMB in his original petition.

Costs in appeal 18263 are taxed half against Plaintiff and half against Personal Representative Lowery.

### SMB's appeal, number 18268

SMB complains the trial court erred in directing the clerk to surrender the registry funds to Personal Representative Lowery.

Personal Representative Lowery argues, *inter alia*, that SMB consistently maintained in the trial court that account 4496 was the sole property of Herman Lowery, hence Robert Lowery, individually, had no claim to the registry funds. Personal Representative Lowery insists SMB should not now be allowed to change its position.

We need not decide whether SMB could have prevailed were it the lone appellant. SMB's appeal is moot by reason of our holdings in Plaintiff's appeal.

SMB's brief says:

No claim of debt or liability against the estate of Herman Lowery has been made by ... [SMB]. No money judgment is being sought against the estate, and no judgment rendered will be satisfied out of assets of the estate. The only claim being made is that the [registry] funds ... belong to [Plaintiff]. The claim is that [Herman Lowery] was in possession of property at the time of his death that did not belong to him, and therefore the asset never became part of the estate.

Were SMB seeking a money judgment against Personal Representative Lowery, to be collected from assets being administered in the Estate of Herman Lowery, such claim would be barred because SMB,

---

**16.** Footnote 11, *supra*.

**17.** Whether § 516.120, RSMo 1986 (the five-year statute of limitations), pled by Herman Lowery as a defense to Plaintiff's petition, may be suc- cessfully raised by Robert Lowery, individually, as a defense to any claim against him by Plaintiff is another issue we need not decide.

like Plaintiff, failed to comply with the notice requirement of § 473.360, RSMo Cum.Supp.1989, and § 473.363, RSMo 1986. For that reason, and because the only asset in dispute in SMB's appeal is the registry funds, which are not an asset to be administered in the Estate of Herman Lowery, we affirm the summary judgment for the "Estate of Herman Lowery" on SMB's first amended cross-claim against Herman Lowery filed July 11, 1989.

Costs in appeal 18268 are taxed half against SMB and half against Personal Representative Lowery.

The effect of our holdings on the trial court's order filed June 26, 1992, is:

(1) Summary judgment for the "Estate of Herman Lowery" on Plaintiff's claims against Herman Lowery, deceased, is affirmed. In this regard, we hold those are the claims in Plaintiff's original petition, the only one pending by him in the trial court.

(2) Summary judgment for the "Estate of Herman Lowery" on SMB's first amended cross-claim against Herman Lowery, deceased, filed July 11, 1989, is affirmed.

(3) Denial of Plaintiff's motion of April 4, 1992, for leave to file a second amended petition is affirmed. However, Plaintiff is granted a 15–day period, beginning the date the trial court receives our mandate, to file an amended petition against Robert Lowery, individually. Plaintiff may not amend his original petition as to SMB.

(4) The directive to the clerk to surrender the registry funds to Personal Representative Lowery is reversed.

In all respects other than those specified above, the order is affirmed. The cause is remanded to the trial court for further proceedings consistent with this opinion.

PARRISH, C.J., and SHRUM, J., concur.

APPENDIX

\*    \*    \*

Item A

(Plaintiff's petition, filed April 21, 1989)

Count I. On June 18, 1982, Plaintiff placed $68,493.92 in certificate of deposit 4065 in SMB. The certificate was issued in Plaintiff's name and all the money was his. In June, 1983, SMB breached its agreement with Plaintiff by allowing Ms. Payne to cash the certificate and withdraw $40,000. Prayer: judgment against SMB for $40,000 plus interest from June 20, 1983.

Count II. In June, 1983, Ms. Payne deposited the balance of certificate 4065— $28,493.92—in a new certificate of deposit. The latter certificate was renewed and renumbered on sundry dates until June 17, 1985, at which time it was certificate 0000128. On that date, SMB breached its agreement with Plaintiff by allowing Ms. Payne to cash the certificate and withdraw the $28,493.92. Prayer: judgment against SMB for $28,493.92 plus interest from June 17, 1985.

Count III. Same factual allegations as Count II, but predicates liability on negligence, not breach of agreement. Prayer: same as Count II.

Count IV. Avers SMB's conduct willfully and wantonly disregarded Plaintiff's rights. Prayer: judgment against SMB for $250,000 punitive damages.

Count V. Pleads a claim against SMB unrelated to the other counts and immaterial to these appeals.

Count VI. Plaintiff, while living abroad, established a joint checking account with Ms. Payne to allow her to pay his bills; all funds in the account were Plaintiff's; Ms. Payne married Herman Lowery; they conspired to defraud Plaintiff and deprive him of his money; they caused the certificates of deposit to be cashed and put the proceeds in the joint account; later, the funds in the joint account were transferred to a different bank and into an account of "Herman Lowery and Helen Lowery"; since Ms. Payne's death, Herman Lowery has transferred the funds into others' names. Prayer: judgment against Herman Lowery for $175,000 and a constructive trust on

Plaintiff's funds in the hands of Herman Lowery and his successors.

Count VII. Essentially, same factual allegations as Count VI. Prayer: judgment against Herman Lowery for fair and reasonable damages.

\* \* \*

### Item B

(SMB's cross-claim against Herman Lowery, filed June 28, 1989)

On or before June 25, 1981, Plaintiff and Ms. Payne signed a signature card at SMB directing SMB to recognize their signatures with respect to checking accounts, "time C.D.," and other transactions. Plaintiff and Ms. Payne maintained a joint checking account. They authorized funds to be withdrawn from it upon either signature. Funds from said account were commingled by Ms. Payne with funds of her and her husband, Herman Lowery. After her death, Herman had possession of such funds. Prayer: if SMB be held liable to Plaintiff, SMB have judgment against Herman Lowery "to the extent that he may be found through equitable tracing of assets or other applicable remedy to have in his hands monies belonging to Plaintiff and/or proceeds of same."

\* \* \*

### Item C

(First Amended Cross-claim of "Robert Lowery, substituted party," filed April 3, 1990)

Count I. SMB refused to release the $71,831.11 in account 4496 when requested by Robert Lowery on July 7, 1989, and instead tortiously appropriated said funds to pay any judgments against it by Plaintiff. SMB's conduct entitles "cross-claimant Robert Lowery" to punitive damages. Alternatively, SMB breached a contract between itself and "cross-claimant" by withholding such funds. Prayer: judgment for "cross-claimant" for actual and punitive damages or, alternatively, damages of $71,831.11 plus interest from July 7, 1989, and attorney fees.

Count II. An officer of SMB represented to Robert Lowery on July 7, 1989, that he could not withdraw the funds in account 4496 until July 10, 1989, which representation was false. Robert Lowery relied on the representation, and thereby lost use of the $71,831.11 from and after July 7, 1989, and incurred attorney fees exceeding $6,000 attempting to recover the funds. Prayer: judgment for "cross-claimant" for reasonable actual and punitive damages.

Count III. The acts of SMB of July 7, 1989, constituted an attachment of the funds in account 4496. "Cross-claimant Robert Lowery" thereby sustained damages of $71,831.11 plus interest from July 7, 1989, and attorney fees exceeding $6,000. Prayer: judgment for "cross-claimant Robert Lowery" for reasonable actual and punitive damages.

Count IV. The pleadings filed by SMB on July 11, 1989, published "private information concerning Robert Lowery and Herman Lowery's personal financial status" without authority of either of them. This caused "shame and humiliation to Robert Lowery and Herman Lowery" and constituted "invasion of the privacy of cross-claimant." Prayer: judgment for "cross-claimant Robert Lowery" for "damages in a reasonable amount and ... punitive damages."

Count V. The TRO obtained by SMB on July 11, 1989, constituted an abuse of process, entitling "cross-claimant Robert Lowery" to punitive damages. Prayer: "... Robert Lowery prays for judgment ... for [actual] damages in a reasonable amount [and] ... punitive damages."