Morgan RUSHING, Plaintiff–Respondent,

v.

SOUTHERN MISSOURI BANK, f/k/a Security Bank of Mountain Grove n/k/a Sun Security Bank of America, Defendant–Appellant,

and

Robert Lowery, Defendant.

No. 21811.

Missouri Court of Appeals,
Southern District,
Division Two.

May 19, 1998.

Motion for Rehearing and Transfer Denied June 9, 1998.

Application for Transfer Denied Aug. 25, 1998.

William L. Mauck, Yates, Mauck, Bohrer, Elliff, Croessmann & Wieland, P.C., Springfield, for Appellant.

Thomas W. Millington, Millington & Glass, Springfield, for Respondent.

MONTGOMERY, Chief Judge.

This seemingly interminable case is before us for the second time. The first appeal resulted in *Rushing v. Southern Missouri Bank*, 859 S.W.2d 211 (Mo.App.1993) (*Rushing I*), filed on August 10, 1993. Only the progression of the case after remand is addressed herein. Therefore, *Rushing I* must be carefully read in order to understand this opinion.

The parties filing briefs in this case are Sun Security Bank of America (SSB),[1] the Appellant, and Morgan Rushing (Plaintiff). By seeking payment of the registry funds, Robert Lowery, individually or alternatively, as personal representative of the Estate of Herman Lowery, deceased, appears to remain a party as to that issue which still pends below. As explained in *Rushing I*, the status of Robert Lowery as a party to this litigation is not clear. However, our disposition of this case does not require a determination of that matter.

After remand, Plaintiff filed his amended petition alleging in Count VI that Helen Payne, acting in concert with Herman Lowery, committed a fraud upon Plaintiff and abused their fiduciary relationship by taking his funds from a CD he maintained at SSB; that any claim of right, title, or interest in said funds by Defendant Robert Lowery was derived by him from Helen. Plaintiff requested "the imposition of constructive trust on said fund and order of this court directing that the full amount of said fund be paid to plaintiff in that the entire amount of said fund constitutes proceeds arising by reason of the fraud, breach of fiduciary duty and confidential relations set forth herein."[2] In Count VI, Plaintiff sought relief only against "Defendant Robert Lowery, individually."

On March 14, 1997, the trial court granted Plaintiff's Motion for Separate Trial and ordered that Plaintiff's claims against SSB (Counts I–V) be severed for trial from Plain-

---

1. After *Rushing I*, Southern Missouri Bank became Security Bank of Mountain Grove and thereafter changed its name to Sun Security Bank of America.

2. *Rushing I* held that Plaintiff could file an amended petition against Robert Lowery, individually, if Plaintiff desired to seek imposition of a constructive trust on the registry funds. 859 S.W.2d at 224.

tiff's claim against Robert Lowery (Count VI).

Five days before the bench trial commenced on May 27, 1997, Plaintiff filed his Dismissal Without Prejudice of Count VI of Plaintiff's Amended Petition. On the same day, Robert Lowery, Personal Representative of the Estate of Herman Lowery, deceased, filed a dismissal without prejudice of his crossclaim against SSB. At the same time, "Robert Lowery, individually or in the alternative, Robert Lowery as Personal Representative of the Estate of Herman Lowery, deceased," filed a Motion for Delivery of Funds Held by Circuit Clerk which alleged that Lowery is the proper party to receive the registry funds and requested an order directing the clerk to pay all of it to him.[3]

When trial commenced, SSB's amended answer, filed March 7, 1997, contained an affirmative allegation regarding application of the registry funds. SSB alleged, *inter alia*, that:

> Shortly thereafter, upon the application of Defendant Sun Security Bank, the Court issued a Temporary Restraining Order prohibiting Herman Lowery or others acting on his behalf from attempting to withdraw said funds, prohibiting Plaintiff Morgan Rushing from attempting to seize said funds and Defendant Bank from making any payment of such funds without further order of the Court. Thereafter, the parties agreed that the funds in Checking Account 1700604496 at Defendant Bank would be tendered to and accepted by the Court which subsequently ordered that the same would be retained in the registry of the court until it was determined to whom, as between Plaintiff Morgan Rushing and Defendant Herman Lowery, the funds rightfully belonged. Said funds, together with interest earned thereon since July 24, 1989 remain in the Court's hands and should be applied to reduce such amount of damages, if any, which are found to have been caused the party who is the owner of such funds as a result of any negligence,

breach of duty or other fault of Defendant Sun Security Bank.

The record supports SSB's allegations as to the creation of the registry funds and subsequent court orders regarding it. On July 21, 1989, SSB and Robert Lowery stipulated and agreed that SSB should pay the funds from account 4496 into court pending further proceedings. *Rushing I* at 214. The funds were paid into court as a result of the parties' stipulation in response to SSB's application for temporary restraining order. *Id.* at 213–14. SSB's application alleged that the funds in account 4496, standing in the name of Herman, Helen, and Robert P. Lowery, were "proceeds of the funds which Plaintiff claims were his" and prayed for "a TRO restraining Herman Lowery and Robert P. Lowery from withdrawing any funds from account 4496 and restraining [SSB] from disbursing any funds from said account without court order." *Id.*

On September 24, 1990, Robert Lowery filed a motion seeking delivery of the registry funds to him. Plaintiff filed suggestions opposing this motion. On October 21, 1991, the court heard Robert Lowery's motion and on October 25, 1991, entered this order:

> Motion to Deliver Funds, filed September 24, 1990, is denied. Funds to remain on deposit with the Clerk of the Court as set out in the docket entry of July 24, 1989, until a determination of the rightful owner can be made based on presentation of evidence and findings of fact.

After the trial concluded, the trial court entered extensive findings of fact and conclusions of law on June 23, 1997. The court found that SSB disbursed principal and interest due on Plaintiff's CDs at the direction of Helen Payne Lowery and concluded that SSB "wrongfully paid out" said proceeds. In the subsequent judgment, from which this appeal was taken, the trial court found in favor of Plaintiff on Counts I and II in the

---

3. *Rushing I* held that if "Robert Lowery, individually, is a party to this action, he can undertake such effort as he deems proper to obtain an order from the trial court for delivery of the registry funds to him." 859 S.W.2d at 224.

*Rushing I* also determined that Robert Lowery, individually, is in a "position superior to that of Personal Representative Lowery as to the registry funds." *Id.* at 223.

total principal amount of $68,493.92[4] and found in favor of SSB on the remaining counts of Plaintiff's amended petition. The judgment also contains this paragraph:

> This Judgment of the Court disposes of all claims asserted by and between Morgan Rushing and defendant Sun Security Bank of America. Pursuant to Rule 74.01(b) the Court hereby expressly determines that there is no just reason for delay in the entry of this Judgment as between these parties and any claims which they have previously asserted between themselves.

■ Plaintiff's claim against SSB includes the issue relating to the appropriate application of the registry funds. Plaintiff participated in successfully opposing Robert Lowery's efforts to obtain the funds as reflected by the court order of October 25, 1991. This order contemplated a later determination as to the "rightful owner" of the funds. SSB's amended answer clearly raises this issue. Yet, the judgment entirely ignores the existence of the registry funds. For that reason, SSB contends here that the judgment is not final. We agree.

Section 512.020, RSMo 1994, as it relates to this case, authorizes an appeal from a final judgment. The right to appeal is purely statutory. *Albright v. Kelley*, 926 S.W.2d 207, 209 (Mo.App.1996). "A final, appealable judgment disposes of all parties and all issues in the case, leaving nothing for further determination." *Id.*

■ However, Rule 74.01(b) permits the trial court to enter judgment on a single claim when multiple claims are asserted in a single case and to certify its judgment as appealable "upon an express determination that there is no just reason for delay." This rule has been interpreted to mean that a judgment which resolves fewer than all legal issues as to any single claim is not a final, appealable judgment and may not be separately appealed even if the trial court makes the designation authorized by Rule 74.01(b). *Comm. for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). "Likewise,

a judgment is not final and appealable under Rule 74.01(b) if it disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication." *Id.* The purpose and policy behind Rule 74.01(b) is to avoid redundant review of multiple appeals based on the same underlying facts and similar legal issues. *Id.* at 451.

Here, the trial court failed to make any determination as to the proper application of the registry funds. The obvious reason for failing to make that determination is the pendency of Robert Lowery's motion which seeks payment of the funds to him. Because SSB disclaims any ownership of the funds, the trial court still faces a decision of whether the funds belong to Robert Lowery or to Plaintiff in payment of his claim against SSB. Thus, the further proceedings described in the docket entry of July 21, 1989, and in the order of October 25, 1991, have not taken place. In view of these court orders and SSB's affirmative allegations as to disposition of the registry funds, an unresolved issue remains as to whether Plaintiff's claim should be satisfied out of the registry funds. Furthermore, if the trial court should later decide against Robert Lowery's claim to the funds, he would be the only aggrieved party in this case.

Paraphrasing *Comm. for Educ. Equality*, by withholding ruling on one issue involved in Plaintiff's claim, questions are left open which, upon full adjudication of the claim by the trial court, could make the judgment appealed from moot or which, when fully decided, could even change the identity of the aggrieved parties. 878 S.W.2d at 451. Such a result is not contemplated by Rule 74.01(b).

For the reasons stated, we determine that the purported judgment in this case resolves fewer than all the legal issues regarding Plaintiff's claim. Thus, the judgment is not final and may not be separately appealed even though the trial court made the desig-

---

4. This is the exact amount of money Plaintiff initially claimed Helen Payne Lowery wrongfully obtained from SSB by "cashing in" Plaintiff's certificate of deposit. Those proceeds, according

to Plaintiff, were later transferred into the name of Helen and Herman Lowery in another bank account. *Rushing I*, 859 S.W.2d at 213.

nation authorized by Rule 74.01(b). *Albright*, 926 S.W.2d at 209. In order to enter a final judgment in this case, the trial court must first resolve the issue regarding the proper application of the registry funds.

The appeal is dismissed.

PARRISH, P.J., and SHRUM, J., concur.