**Victor L. PALETTA and Samuel J. Huffmaster, Plaintiffs/Respondents,**

v.

**MERCANTILE BANK, N.A., and Michiko I. Branham, Defendants/Appellants.**

No. 64158.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 18, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 21, 1994.

Application to Transfer Denied Jan. 24, 1995.

Scott E. Schonbrun, Clayton, for appellants.

Ernest L. Keathley, Jr., St. Louis, for respondents.

PUDLOWSKI, Judge.

This is an appeal from a judgment in favor of two investors who were constructively defrauded of their investments by a friend who had invested and managed their savings for them. The original agreement was oral. The trial court found: the Statute of Frauds does not apply to this action because of the investor's confidential relationship with their friend as their money manager, the investors had originally invested $106,000.00, the proceeds of this investment were channelled into a third party's bank account in violation of the fiduciary duties owed to the investors, and those proceeds should be returned to the original investors. We affirm.

The facts, according to the light most favorable to the respondents/investors, are as follows: Stanton W. Lowther was once a friend to both Dr. Victor Paletta and Samuel Huffmaster (investors). Dr. Paletta had also been Lowther's physician for some fourteen years before Lowther's death in September of 1991. His other friend, Mr. Huffmaster, sometimes drove Lowther to Dr. Paletta's office for treatments. Huffmaster had also known Lowther for a long time and had once worked with him in the Shriners Circus.

Lowther represented to his two friends that he had been successful in investing his own money and convinced them to let him invest their savings. Beginning in March of 1991, his friends entrusted Lowther with approximately $106,000.00 in cash to invest for

them. Lowther never provided receipts for this money. The investors testified that they trusted Lowther and did not require any receipts.

Lowther and the investors set up two accounts in a brokerage firm to facilitate the investment transactions. One account named Lowther and Huffmaster as joint tenants with rights of survivorship. The other account named Lowther and Paletta as joint tenants with rights of survivorship. Under the terms of both of the brokerage firm agreements, each joint tenant could invest or liquidate all of the account's funds without notice to the other joint tenant.

Lowther died on September 28, 1991. His lady friend, Michiko Branham, assisted and attended to him during the illness which led to his death. She did some banking and check writing for him and had access to his signature stamp.

At some time prior to Lowther's death, the joint tenancy accounts at the brokerage firm were liquidated without the investors' knowledge, consent or approval. The brokerage firm issued several checks to "Lowther & Huffmaster" and "Lowther & Paletta." Either Lowther or Ms. Branham endorsed Lowther's and investors' names and deposited the checks into a Mercantile Bank account which Lowther shared with Ms. Branham as joint tenants. Some of these checks contained Lowther's handwritten signature; on other checks, Lowther's signature was placed on the checks through the use of a signature stamp.

Investors did not discover these transfers until after Lowther's death. Investors brought suit against Ms. Branham, the brokerage firm, Mercantile Bank, and Lowther's estate seeking a temporary restraining order, a temporary injunction, replevin and restitution. Investors later dismissed their actions against the brokerage firm and Lowther's estate. Mercantile Bank filed an interpleader action and deposited the funds in controversy into the court's registry. Therefore, Mercantile was also dismissed from this suit, leaving Ms. Branham as the sole defendant.

The trial court found, among other things, that Lowther was acting in a confidential and fiduciary capacity when he took control of investors' $106,000.00; that neither Lowther nor Ms. Branham were authorized to endorse the checks on behalf of investors; that such endorsements did not benefit investors; and, that the liquidation of the brokerage accounts, the endorsement of the checks and the depositing of the checks into the accounts at Mercantile Bank were all done without investors' knowledge or permission. Accordingly, it ordered the funds in question to be paid with interest to the investors in proportion to their respective contributions.

In reviewing this appeal, we must affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Investors are entitled to the full amount of the funds in dispute only if they can show that the original investments used to fund the brokerage accounts were theirs, and that the transfer of the funds by check to the Lowther/Branham bank account was improper.

■■■ There is an irrebuttable presumption that surviving joint tenants share equal interests in the funds of a joint account absent proof of fraud or undue influence. *Auffert v. Auffert,* 829 S.W.2d 95, 97–98 (Mo. App.W.D.1992). Therefore, there is a presumption in this case that Lowther was a one-half owner of each of the brokerage accounts. In order to rebut this presumption, investors offered oral testimony about the sources of funds of the joint brokerage accounts. Ms. Branham, however, objects to the use of this oral testimony on the grounds that the testimony should be barred by the Statute of Frauds.

■■■ Nevertheless, as the trial court rightly found, the Statute of Frauds does not apply where there is a confidential relationship between the parties to the alleged promise. *Swon v. Huddleston,* 282 S.W.2d 18, 24–26 (Mo.1955); *Crane v. Centerre Bank of Columbia,* 691 S.W.2d 423, 425–26 (Mo.App.

W.D.1985); *see also* John D. Calamari & Joseph M. Perillo, *Contracts* § 19–46 (3d ed.1987). "A confidential relationship exists when one person relies upon and trusts the other with the management of his property and attendance to his business affairs, thereby creating some degree of fiduciary obligation." *Estate of Brown v. Fulp,* 718 S.W.2d 588, 595 (Mo.App.S.D.1986). In such cases a court may consider all of the evidence to determine whether a breach of that duty to reconvey the property has occurred, but the parties must provide proof that is "so clear, cogent and convincing as to exclude all doubt from the mind of the court." *Swon v. Huddleston,* 282 S.W.2d 18, 25 (Mo.1955).

■ A review of the record reveals investors presented sufficiently convincing evidence that they shared confidential relationships with Lowther and that investors, themselves, provided all funding for the brokerage accounts. We give due regard to the trial judge's determination of the credibility of witnesses in equity cases. Rule 73.01(c)(2). Investors' failure to produce a writing, therefore, does not serve as a road block to their cause of action.

Investors also sufficiently demonstrated that the transfers of the funds from the brokerage accounts, by check, to the Lowther/Branham joint bank account were improper. Although the terms of the brokerage account agreements permitted Lowther to liquidate the accounts, these terms do not relieve Lowther of his fiduciary obligations to the investors. These obligations may be proven by parol evidence. *Swon v. Huddleston,* 282 S.W.2d 18, 25 (Mo.1955).

■ It is not necessary for the investors to prove that the transfers by check amounted to outright fraud or forgery. To warrant recovery when a fiduciary or confidential relationship is breached, proof of actual fraud is unnecessary, because the breach of any promise made during that relationship will be considered constructively fraudulent. *White v. Mulvania,* 575 S.W.2d 184, 187, 189 (Mo. banc 1978). Investors have proven constructive fraud, having shown that Lowther breached a promise to them during the existence of a confidential relationship by failing to safeguard the funds entrusted to him.

■ Ms. Branham, now the sole owner of the Lowther/Branham bank account, held the funds in constructive trust for the investors until the time that Mercantile Bank moved those funds into the court registry. A transferee who acquires property due to the breach of an oral agreement holds the property as a trustee *ex maleficio. Estate of Sheets v. Sheets,* 558 S.W.2d 291, 295 (Mo. App.1977). This status transfers with possession of the property, even if the property is converted, as long as it is still possible to trace its origins, and the transferee is not a *bona fide* purchaser without notice. *Id.* The title owner of the property need not be the tortfeasor, she needs only be unjustly enriched due to someone's wrongful acts. As our Supreme Court maintains: " 'Let the hand receiving the gift be ever so chaste, yet if it comes through a polluted channel, the obligation of restitution will follow it.' " *White v. Mulvania,* 575 S.W.2d 184, 190 (Mo. banc 1978), quoting *Clifford Banking Co. v. Donovan Commission Co.,* 195 Mo. 262, 94 S.W. 527, 536 (1906).

Finally, Ms. Branham argues that because this is an action for fraud the suit should have been brought against Lowther's estate and not her. However, because the money was transferred to the Lowther/Branham joint bank account, as soon as Lowther died Ms. Branham became the sole owner of the account through her right of survivorship. The funds in question, therefore, were never the property of Lowther's estate. Since Ms. Branham is sole owner of the Mercantile account, investors correctly brought this action against her.

We affirm the trial court's award to Dr. Paletta and Mr. Huffmaster of the funds in the court registry, together with interest, according to their respective shares.

Ms. Branham's request for costs, including attorneys fees, is denied.

Judgment affirmed.

SIMON, P.J., and AHRENS, J., concur.